UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA RODRIGUEZ,<br><br>                    Plaintiff,<br><br>   v.<br><br>MATT GRECO, *et al.*,<br><br>                    Defendants. | Case No. 16-cv-550-BAS(RBB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***<br><br>**[ECF No. 2]** |

On October 21, 2015, Plaintiff Gloria Rodriguez, proceeding *pro se*, commenced this action against Defendants Matt Greco, San Diego DA's Office, City of San Diego, and County of San Diego in the Northern District of California. On the same day, Plaintiff also filed a motion seeking leave to proceed *in forma pauperis* ("IFP"). Thereafter, this action was transferred to the Southern District of California. The Court now reinstates Plaintiff's IFP motion, and for the reasons discussed below, the Court **GRANTS** Plaintiff's motion to proceed IFP.

The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*,

506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See e.g., Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). In addition, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered Plaintiff's application, the Court finds that Plaintiff meets the requirements in 28 U.S.C. § 1915 for IFP status. Plaintiff is

unemployed with sources of income: (1) her monthly pension of $133.50; and (2) her monthly social security disability of $907.00. (IFP Mot. ¶¶ 1-2.) She indicates that she owns an automobile and a home, and that she currently has a bank account with a present balance of $168.00. (*Id.* ¶¶ 5-7.) However, Plaintiff lists monthly expenses that amount to $2,650.00—for her mortgage/rent, utilities, food, and clothing—which exceeds the combined sources of her monthly income. (*See id.* ¶ 8.) Consequently, the Court finds that requiring Plaintiff to pay the court filing fees would impair his ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339.

In light of the foregoing, the Court **GRANTS** Plaintiff's application for leave to proceed *in forma pauperis*. (ECF No. 2.) However, if it appears at any time in the future that Plaintiff's financial picture has improved for any reason, the Court will direct Plaintiff to pay the filing fee to the Clerk of the Court. **This includes any recovery Plaintiff may realize from this suit or others, and any assistance Plaintiff may receive from family or the government.**

The Clerk of the Court is directed to issue a summons in this action so that Plaintiff may serve the complaint on Defendants.

**IT IS SO ORDERED.**

**DATED: July 22, 2016**

Hon. Cynthia Bashant
United States District Judge