# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA RODRIGUEZ,<br><br>                       Plaintiff,<br><br>    v.<br><br>MATT GRECO, *et al.*,<br><br>                      Defendants. | Case No. 16-cv-550-BAS(RBB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**[ECF No. 18]** |

On October 21, 2015, Plaintiff filed a complaint in the Northern District of California seeking relief under 42 U.S.C. § 1983 related to a charge of making false statements in order to obtain unemployment benefits. On March 2, 2016, this action was transferred to the Southern District of California. Plaintiff now moves for relief from judgment under Federal Rule of Civil Procedure 60(b).

Once judgment has been entered, reconsideration may be sought by filing a motion under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure 60(b) (motion for relief from judgment). *See Hinton v. Pac. Enter.*, 5 F.3d 391, 395 (9th Cir. 1993).

Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances. *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir.1994) (citing *Ben Sager Chem. Int'l v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)). Under Rule 60(b), the court may grant reconsideration based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). That last prong is "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007).

Though Plaintiff seeks relief from judgment related to the March 2, 2016 transfer order, no judgment has been entered in this action. Plaintiff mostly appears to argue for the substantive relief she seeks in her complaint, none of which has been litigated or foreclosed. Following the transfer, the Court granted Plaintiff's request to proceed *in forma pauperis*, and a summons was issued. Plaintiff need only serve the complaint now to proceed with her litigation. Consequently, there are no grounds for relief to be sought under Rule 60(b) for relief from judgment.

Because Petitioner fails to demonstrate entitlement to reconsideration, the Court **DENIES** the motion in its entirety. (ECF No. 18.)

**IT IS SO ORDERED.**

**DATED: August 11, 2016**

Hon. Cynthia Bashant
United States District Judge